1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   INDUSTRIAL TECHNOLOGY                    CASE NO. 3:13-cv2016-GPC-WVG
     RESEARCH INSTITUTE,
12                                            **ORDER:**
              Plaintiff/Counterclaim Defendant,
13                vs.                         **(1) GRANTING LG DISPLAY'S
                                              MOTION TO INTERVENE;**
14
15   LG ELECTRONICS, INC., and               **(2) VACATING HEARING DATE**
     LG ELECTRONICS U.S.A., INC.,
16                                            **[Dkt. No. 47]**
              Defendants/Counterclaim Plaintiffs.
17

18

19          Before the Court is non-party LG Display Co., LTD.'s ("LG Display") motion

20   to intervene. [Dkt. No. 47.] Industrial Technology Research Institute ("Plaintiff") has

21   filed an opposition to LG Display's motion. [Dkt. No. 68.] LG Electronics, Inc. and LG

22   Electronics U.S.A., Inc. (collectively, "Defendants") and LG Display filed replies [Dkt.

23   Nos. 71, 73.]

24          The parties have fully briefed the motion. [Dkt. Nos. 47, 69, 71, 73.] The Court

25   finds the motion suitable for disposition without oral argument pursuant to Civil Local

26   Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable

27   law, the Court **GRANTS** LG Display's motion to intervene.

28   / /

**BACKGROUND**

On August 29, 2013, Plaintiff filed a Complaint for Patent Infringement. [Dkt. No. 1.] On June 26, 2014, Plaintiff filed a First Amended Complaint ("FAC") for Patent Infringement. [Dkt. No. 35.] Plaintiff alleges that Defendants are either directly under 35 U.S.C. § 271(a), or under the doctrine of equivalents, infringing Plaintiff's '355 patent by "making, using, selling, offering for sale, and/or importing into the United States" the following monitor models: 23EA63V-P, 22EA53T-P, and 29EA93-P (the "Accused Monitors"). [Id. ¶ 14.]

LG Display asserts that the "patent-infringement claim at issue relates to liquid crystal displays supplied by LG Display to [Defendants]". [Dkt. No. 47-1 at 6.] Additionally, LG Display has agreed to indemnify Defendants with respect to Plaintiff's infringement claims. [Id. at 6.] As a result, LG Display is seeking intervention under Federal Rule of Civil Procedure 24 ("Rule 24"). Specifically, LG Display is seeking intervention as of right under Rule 24(a), and alternatively seeking permissive intervention under Rule 24(b). [Id. at 8, 15.] Defendants do not oppose LG Display's motion to intervene, and filed a brief in support of LG Display's motion. [Dkt. No. 71.]

On August 22, 2014, Plaintiff filed an opposition to LG Display's motion to intervene. [Dkt. No. 68.] Plaintiff claims that LG Display's request for intervention is untimely, that Defendants adequately represent the interest of LG Display, and that LG Display is not entitled to permissive intervention. [Id. at 1-8.] On September 5, 2014, LG Display filed a reply to Plaintiff's opposition. [Dkt. No. 73.]

**DISCUSSION**

LG Display asserts that Plaintiff's claim of patent infringement against Defendants "is equivalent to an assertion that certain of LG Display's liquid crystal displays infringe claim 1 of the '355 patent." [Dkt. No. 47-1 at 6.] Plaintiff opposes LG Display's motion to intervene, claiming that LG Display's motion is untimely and that its interest is adequately represented. [Dkt. No. 68 at 1.]

# I.     Intervention as of Right

## A. Legal Standard

Rule 24(a) provides that:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest.

Fed. R. Civ. P. 24(a). Intervention as of right requires that: (1) the motion to intervene is timely filed; (2) the intervening party has an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the applicant's ability to protect the interest; and (4) the intervening party is not adequately represented by existing parties. Sec. and Exch. Comm'n v.TLC Invs. and Trade Co., 147 F. Supp. 2d 1031, 1040-41 (C.D. Cal. 2001) (citing Nw. Forest Res. Council v. Glickman, 82 F. 3d 825, 836 (9th Cir. 1996)). In ruling on a motion to intervene, the Court "is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

## B. Analysis

### 1. LG Display's Motion to Intervene is Timely

The Court considers three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties: and (3) the reason for and length of the delay." Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002) (citing United States v. Washington, 86 F.3d 1499, 1503 (9th 1996)). "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." United States v. Washington, 86 F.3d at 1503.

In determining whether delay causes prejudice, the Court considers "whether

existing parties may be prejudiced by the delay in moving to intervene," not whether intervention will extend the length of the litigation itself. N. Cal. River Watch v. Fluor Corp., No. 10-cv-5105-MEJ, 2014 WL 3385287, at *152014 (N.D. Cal.July 9, 2014) (citing Defenders of Wildlife v. Johanns, No. 04-cv-4512-PJH, 2005 WL 3260986, at *4 (N.D. Cal. Dec. 1, 2005). In assessing prejudice, the Court considers "factors such as loss of evidence, settlements made in expectation of no further claims, and the need to reopen matters previously resolved." Id.

LG Display contends that its motion to intervene is timely because: (1) the litigation and discovery are still in their early stages; (2) in light of the early stage of litigation, existing parties would not be prejudiced by the intervention; and (3) in light of Plaintiff's amended complaint, LG Display's interest in the litigation only became solidified approximately one month prior to the instant motion. [Dkt. No. 47 at 9-10.] Plaintiff argues that: (1) the 113 days between the initial infringement contention and LG Display's motion to intervene is too long to be considered timely; (2) LG Display should have been aware of the allegations when Defendants were served; and (3) LG Display's intervention and assertion of associated additional defenses "at this late juncture . . . would literally require starting the process over from scratch." [Dkt. No. 68 at 1-6.]

LG Display filed the instant motion to intervene thirteen days after the first discovery requests were served and prior to the setting of a trial date. In addition, the motion was filed prior to a claim construction hearing and prior to the determination of an end-date for discovery. Even if this litigation is not brand new, it is not yet in a "late juncture" as Plaintiffs argue. [See Dkt. No. 68 at 7.] The Court finds that the early stage of the proceedings weighs in favor of timeliness.

The Court also finds that LG Display's motion has not prejudiced existing parties, as this motion has not delayed litigation proceedings. Plaintiffs do not argue that the presence of a new defendant creates any loss of evidence, reopens previously resolved matters, or diminishes previously made settlements between parties. Rather,

Plaintiff simply argues that, should LG Display be granted intervention, Plaintiff would be forced to "start over from scratch." [Dkt. No. 68 at 3.] LG Display asserts in its reply brief that no delay is expected should intervention be granted as LG Display "neither intends to make any new invalidity or claim construction arguments beyond those already presented by [Defendants], nor does it intend to seek any changes to the current schedule." [Dkt No. 73 at 3.] Claim construction preparations have continued to proceed with the claim construction hearing set for October 20, 2014. [Dkt. No. 90.] The Court finds that the lack of prejudice also weighs in favor of timeliness.

Finally, even if Plaintiff is correct that LG Display should have been immediately aware that LG Display's interest were implicated in the litigation at first notice of the infringement claim, the resulting delay would be less than four months. The Court finds that a less than four month delay is a reasonable amount of time for LG Display to analyze the proceedings and prepare its motion, and thus does not weigh against timeliness. In consideration of the totality of the circumstances, the Court finds LG Display's motion timely. See Nat'l Ass'n for Advancement of Colored People v. New York, 413 U.S. 345, 366 (1973).

### 2. LG Display Has a Significantly Protectable Interest in the Subject Matter of Litigation

The Court must determine whether the would-be intervenor has "assert[ed] a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation." Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107 (9th Cir. 2002). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protect interest and the plaintiff's claims." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citing Nw. Forest Res. Council, 82 F.3d at 837). This relationship requirement is generally satisfied only if the "resolution of the plaintiff's claims actually will affect the applicant." Id. at 410.

LG Display contends that because it manufactures liquid crystal displays for

Defendants' Accused Monitors, it has a clear interest in this litigation. [Dkt. No. 47-1 at 10.] LG Display also argues that it has a protectable interest in the litigation in light of the indemnification agreement between LG Display and Defendants. [Dkt. No. 47-1 at 18.] Plaintiff does not dispute that LG Display has a significantly protectable interest in this litigation. As there is no dispute and LG Display manufactures components contained within the Accused Monitors, the Court finds that LG Display has a significantly protectable interest in the subject matter of this litigation.

### 3. Disposition of the Action May Adversely Impair LG Display's Interest

Because LG Display has a protectable interest, the Court must determine whether that interest would, as a practical matter, be impaired by the disposition of the instant action. Sw. Ctr. For Biological Diversity, 268 F.3d at 822. If a party's interest would be "impacted in a practical sense by the determination made in an action," intervention should generally be granted. Id. at 822.

LG Display argues that disposition of this litigation without LG Display's intervention may impair its relationship with other customers. [Dkt. No 47-1 at 18.] Plaintiff does not dispute that LG Display's interest may be adversely impaired. As there is no dispute and LG Display may be unable to sell liquid crystal displays to U.S. customers if Plaintiff were to succeed in this litigation, the Court finds that disposition of this action may adversely impair LG Display's significantly protectable interest.

### 4. LG Display's Interest is Not Adequately Represented by Existing Parties

The Court determines adequacy of representation by examining three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). "The burden on proposed intervenors

in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of its interests 'may be' inadequate." <u>Id.</u> at 1086. Where the party and the proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a compelling showing to the contrary. <u>Perry v. Proposition 8 Official Proponents</u>, 587 F.3d 947, 951 (9th Cir. 2009) (internal quotation marks and citation omitted). In litigation against the buyer of a manufacturer's products, a manufacturer is "uniquely situated to understand and defend its own product, its interest are not adequately represented by existing parties to the litigation." <u>Honeywell Int'l Inc. v. Audiovox Communs. Corp.</u>, No. 04-cv-1337-KAJ, 2005 WL 2465898 at *13 (D. Del. May 18, 2005).

LG Display contends that its interest is not adequately represented by Defendants as Defendants "do[] not design or manufacture" the liquid crystal displays in the Accused Monitors. [Dkt. No. 47-1 at 12.] LG Display also asserts that it has "knowledge and expertise regarding the design, structure, manufacture, and operation of its liquid crystal displays that does not reside with [Defendants] in the ordinary course of business" and thus Defendants are not capable of adequately asserting all applicable defenses or invalidity arguments. [<u>Id.</u>] Plaintiff argues that LG Display and Defendants ultimately seek the same outcome, for the implicated patents to be invalidated or deemed not infringed, thus creating a rebuttable presumption of adequacy of representation. [Dkt. No. 68 at 8.] Additionally, Plaintiff argues that: (1) both Defendant and LG Display are part of a family-run chaebol, a Korean entity similar to an American multinational conglomerate; (2) that both entitles share a common board member; (3) Defendants own a 37.1% in LG Display; and (4)"[a]ny concerns LG Display may have about [Defendant's] defense of the case can be addressed by LG Display choosing [Defendant's] counsel, paying for that counsel and directing the defense of the indemnified claims." [<u>Id.</u> at 8, 17.]

As an initial matter, Defendants and LG Display share the same ultimate

objective, namely the invalidity of Plaintiff's '335 Patent or a finding that the patent was not infringed. Thus there is a presumption of adequacy. See Perry, 587 F.3d at 951.

Turning to the three factors, first, LG Display does not state which arguments Defendants will not make that LG Display would. Second, Defendants lack LG Display's depth of technical knowledge regarding liquid crystal displays because Defendants are purchasers of the liquid crystal displays that LG Display manufactures. Thus Defendants may not be capable of adequately arguing defenses to Plaintiff's patent infringement causes of action. Third, LG Display has necessary technical knowledge and documents that would otherwise be absent from this case. While the first factor weighs in favor of adequacy, the second and third factors weigh against adequacy. Accordingly, the Court finds that LG Display's knowledge of and documents related to the liquid crystal displays in the Accused Monitors weigh strongly against adequacy and rebut the presumption of adequacy.

Turning to Plaintiff's arguments, though Defendants own a significant interest in LG Display, are part of the same family of companies, and share a board member, LG Display is still a separate corporate entity and Plaintiff offers no reason why the Court should not treat it as such. Plaintiff's arguments regarding LG Display selecting, paying for, and directing Defendant's counsel is similarly unpersuasive as control over litigation strategy does not provide Defendants with the technical information related to the liquid crystal displays. See Honeywell, 2005 WL 2465898 at *13. Accordingly, the Court finds that LG Display's interest is not adequately represented by the current parties.

Based on the foregoing, the Court GRANTS LG Display's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). As LG Display is entitled to intervention as of right, the Court need not determine whether to grant permissive intervention.

## **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1    1. LG Display's Motion to Intervene, [Dkt. No. 47], is **GRANTED**; and

2    2. The hearing set for October 17, 2014, is **VACATED**.

3   DATED:  October 15, 2014

4

5                                          HON. GONZALO P. CURIEL
                                          United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28