UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSITUTE,<br><br>　　　　　　Plaintiffs,<br>　v.<br>LG ELECTRONICS INC. And LG ELECTRONICS U.S.A. INC,<br><br>　　　　　　Defendants. | Civil No. 13-CV-2016-GPC-WVG<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST TO LG DISPLAY INC. IN THE REPUBLIC OF KOREA<br><br>[DOC. NO. 66] |

　　　Pending before the Court is LG Electronics Inc.'s and LG Electronics U.S.A. Inc.'s (Defendants) Motion for Issuance of Letter Rogatory to LG Display Inc. (LG Display), a Korean company based in the Republic of Korea. (Doc. No. 66)  Industrial Technology Research Institute (Plaintiff) opposes the use of a letter of request. (Doc. No. 80). This Court was prepared to grant Defendants' Motion for Issuance of the Letter of Request, but LG Display's motion to intervene (Doc. No. 47) was granted today so this Court hereby denies the Motion as moot.[1]

---

[1] This is in line with the Defendants intent as they expressed that they would withdraw their motion if LG Display's motion to intervene was granted (Doc. No. 66-2 at 1).

This Court will, however, take this opportunity to address a misguided argument in Plaintiff's opposition. Plaintiff argues that Defendants have "control" over LG Display's documents under Federal Rule of Civil Procedure 26. (Doc. No. 80 at 4). Plaintiff's asserted definition of "control" comes from a New York district court as "the legal right, authority or *practical ability* to obtain documents upon demand" (Id. at 4 (*emphasis added* by the Court), citing S.E.C. v. Credit Bancorp, Ltd., 194 F.R.D. 469, 471 (S.D.N.Y. 2000). Plaintiff's liberal definition of "control," however, is NOT the definition in the Ninth Circuit. Defendants correctly state the definition of "control" as being only the "legal right to obtain documents upon request." (Doc. No. 82 at 2, citing In re Citric Acid Litig., 191 F.3d 1090, 1107-08 (9th Cir. 1999)). The court in Citric explicitly rejected the "practical ability" test for "control" and acknowledges all the other Circuits that do as well. Id.  Plaintiffs failure to even acknowledge binding precedent is troubling. However, this Court has no evidence that the Plaintiff intentionally misled it, so this Court will give Plaintiff the benefit of the doubt as perhaps a rushed oversight.  However, Plaintiff's counsel are strongly advised to reacquaint themselves with the Model Rules of Professional Conduct, specifically rule 3.3 Candor Toward the Tribunal: "[a] lawyer shall not knowingly . . fail to disclose to the tribunal legal authority in the controlling jurisdiction . . . ." and the sanctions that can accompany such a failure. See Fed. R. Civ. P. 11(c).

IT IS SO ORDERED.

DATED: October 17, 2014

Hon. William V. Gallo
U.S. Magistrate Judge