UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.<br><br>Defendants. | CASE NO. 3:13-CV-02016-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFF INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE'S MOTION TO STRIKE DEFENDANTS FROM ARGUING INVALIDITY DURING CLAIM CONSTRUCTION PROCEEDINGS**<br><br>**(DKT. NO. 65)** |

## I. INTRODUCTION

Before the Court is plaintiff Industrial Technology Research Institute's ("ITRI") Motion to Strike Defendants from Arguing Invalidity Defenses During Claim Construction Proceedings. (Dkt. No. 65, "Motion to Strike".) Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") filed an opposition to the Motion to Strike, (Dkt. No. 70.), and ITRI filed a reply, (Dkt. No. 94.) Based on a review of the briefs, supporting documentation, and the applicable law, the Court **GRANTS** ITRI's Motion to Strike.

## II.  BACKGROUND

On August 29, 2013, ITRI filed a lawsuit alleging LGE infringed U.S. Patent No. 6,163,355.  (Dkt. No. 1 at 2.)  When the parties submitted their proposed claim constructions on July 21, 2014, LGE argued that the claim term "sufficiently thinner" was indefinite.  (Dkt. No. 42 at 3.)  ITRI moved to strike LGE from arguing invalidity defenses during claim construction proceedings on August 11, 2014.  (Dkt. No. 65.)  LGE filed an opposition to the Motion to Strike on September 4, 2014.  (Dkt. No. 70.)  ITRI filed a reply to LGE's opposition brief on October 13, 2014.  (Dkt. No. 94.)

## III.  LEGAL STANDARD

A patent's specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  35 U.S.C. § 112, ¶ 2.  "[T]he purpose of the definiteness requirement is to ensure that the claims delineate the scope of the invention using language that adequately notifies the public of the patentee's right to exclude."  Datamize LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005) (citing Honeywell Int'l, Inc. v. Int'l Trade Comm'n, 341 F.3d 1332, 1338 (Fed.Cir.2003)).  "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."  Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120, 2124 (2014).  "[I]ndefiniteness is a question of law and in effect part of claim construction."  ePlus, Inc. v. Lawson Software, Inc., 700 F.3d 509, 517 (Fed. Cir. 2012).  The Federal Circuit Court of Appeals has held that defendants do not waive a defense of invalidity due to indefiniteness for appeal if they raise the argument either during the claim construction hearing or the summary judgment stage.  Id.

## IV.  DISCUSSION

ITRI seeks to prevent LGE from asserting indefiniteness as to the claim language "sufficiently thinner" at the claim construction hearing.  (Dkt. No. 65-1 at 2.)  ITRI

argues that the Court should instead address indefiniteness during the summary judgment stage. (Id.) ITRI cites several decisions where courts have deferred indefiniteness until the summary judgment stage. (Id. at 3-4); see, e.g., Presidio Components Inc. v. American Technical Ceramics Corp., No. 07CV893 IEG (NLS), 2008 WL 2397488, at *3 (S.D. Cal. June 11, 2008) (declaring that a discussion of indefiniteness "would be more appropriate at the summary judgment stage"); see also Kowalski v. Ocean Duke Corp., No. 04-00055 BMK, 2007 WL 4104259, at *3 (D. Haw. Nov. 19, 2007) (stating that "[i]t would be inappropriate for the Court to address [defendant's] indefiniteness arguments during the present claims construction process [because] [t]he Court has not been sufficiently briefed."); Froessl v. Hewlett-Packard Co., No. C-01-20924, 2002 WL 34455177, at *5 (N.D. Cal. Nov. 27, 2002) (stating that "the issue of indefiniteness is one of validity rather than claim construction . . . [and] is more properly presented in a motion for summary judgment than at a Markman hearing").

In addition, ITRI asserts that the clear and convincing evidence standard to show indefiniteness bolsters its contention that the summary judgment stage of proceedings is the correct time to determine indefiniteness. (Dkt. No. 65-1 at 4.) "Indefiniteness must be demonstrated by clear and convincing evidence . . . and is not appropriate during claims construction." Kowalski v. Ocean Duke Corp., 2007 WL 4104259, at *3.

LGE counters that the claims construction hearing is the proper time to address indefiniteness. (Dkt. No. 70 at 2-6.) LGE also cites several decisions supporting its contention. See, e.g., Eon Corp IP Holdings LLC v. Aruba Networks Inc., No. 12-CV-01011-JST, 2014 WL 938511, at *3 (N.D. Cal. March 5, 2014) (stating that "it is appropriate for the Court to address indefiniteness issues during the claim construction stage"). LGE also argues that postponing consideration of indefiniteness to the summary judgment stage would be inefficient. (Dkt. No. 70 at 5.)

To begin with, the Court recognizes the uncertainty that exists as to whether

indefiniteness should be addressed during claim construction proceedings or the summary judgment stage. See ASM America, Inc. v. Genus, Inc., No. C-01-2190-EDL, 2002 WL 1892200, at *15 (N. D. Cal. Aug. 15, 2002) ("[t]here is some ambiguity in the case law as to whether a finding of indefiniteness should occur during claim construction, or whether it should occur at a later step"). Indeed, the Federal Circuit has affirmed invalid for indefiniteness orders arising from claim construction proceedings and motions for summary judgment this year. See Interval Licensing LLC, v. AOL, Inc., 766 F.3d 1364, 1366 (Fed. Cir. 2014) (affirming a Western District of Washington claim construction order regarding indefiniteness); H-W Technology L.C., v. Overstock.com, Inc., 758 F.3d 1329, 1330 (Fed. Cir. 2014) (affirming a Northern District of Texas order arising on summary judgment finding the claim in question indefinite). At one time, the Federal Circuit suggested that issues like indefiniteness were matters of "claim validity" rather than "interpretation or construction." See Intervet America, Inc. v. Kee-Vet Laboratories, Inc., 887 F.2d 1050, 1053 (Fed. Cir. 1989). More recently, the Federal Circuit has stated that "[t]he question of whether claims meet the statutory requirements of § 112 ¶ 2 is a matter of construction of the claims, and receives plenary review on appeal," see S3 Inc. v. Nvidia Corp., 259 F.3d 1364, 1367 (Fed. Cir. 2001), and "an analysis under § 112 ¶ 2 is inextricably intertwined with the claim construction," Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1379 (Fed. Cir. 1999). However, both S3 and Atmel addressed the question of indefiniteness during the summary judgment stage. This fact coupled with the Federal Circuit's consideration of recent appeals regarding invalidity due to indefiniteness based on claim construction orders and summary judgment orders persuades the Court to agree with ASM America "that the Federal Circuit's statements that indefiniteness is intertwined with claim construction mean only that the Court must attempt to determine what a claim means before it can determine whether the claim is invalid for indefiniteness, and not that the Court must determine indefiniteness during the claim construction proceedings." 2002 WL 1892200, at *15.

1    Additionally, LGE's reliance on <u>INOVA Diagnostics, Inc. v. Euro-Diagnostica AB</u> is misplaced. (Dkt. No. 70 at 2-3.) In that case, the court "decline[d] to defer construction" of indefiniteness to the summary judgment stage because "reasonable efforts at claim construction prove[d] futile." <u>INOVA</u>, No. 08-CV-0845 H(JMA), 2009 WL 2602608, at *4 (S.D. Cal. Aug. 24, 2009) (quoting <u>Datamize LLC</u>, 417 F.3d at 1347). Because the court could not determine what the claim meant via "reasonable efforts at claim construction" before it concluded the claim was indefinite does not require all determinations of indefiniteness to occur during claim construction proceedings. To be sure, the <u>INOVA</u> court followed the path of <u>ASM America</u> to ascertain indefiniteness: "determine what a claim means before it can determine whether the claim is invalid for indefiniteness." Furthermore, the court in <u>INOVA</u> acknowledged that it could defer the determination of indefiniteness to a later stage of the proceedings. 2009 WL 2602608, at *4. This practice conforms with the Federal Circuit's authorization to employ both intrinsic and extrinsic evidence when attempting to construe a claim. See <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1317 (Fed. Cir. 2005).

This is not to say that this Court may not determine indefiniteness during claim construction proceedings, such as when a claim fails to disclose a corresponding structure. See <u>Froessl</u>, 2002 WL 34455177, at *5 n.4. The Court only reaffirms that it has discretion as to when to determine indefiniteness during patent case proceedings. LGE admits in its reply brief that the Court possesses such discretion: "It does not hold that a court is not permitted to address indefiniteness at claim construction, only that a court may address indefiniteness at other stages of the case, if the circumstances are appropriate." (Dkt. No. 70 at 4-5.) Such discretion allows the Court to "follow the requirement that clear and convincing evidence be shown to invalidate a patent." <u>Datamize, LLC</u>, 417 F.3d at 1348 (citing <u>Budde v. Harley–Davidson, Inc.</u>, 250 F.3d 1369, 1376 (Fed. Cir. 2001)).

Here, the parties have agreed to a four-hour claim construction hearing. (Dkt. No. 41 at 2.) Because ITRI and LGE will present arguments about the other disputed

claim terms at the claim construction hearing, they will not have adequate time to fully address the indefiniteness of the claim term "sufficiently thinner" at the hearing. A federal district court's "duty" when determining indefiniteness demands more than a mere perfunctory inspection. <u>Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n</u>, 161 F.3d 696, 705 (Fed. Cir. 1998) ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."). Accordingly, the Court defers the determination of indefiniteness to a later stage of the proceedings so the parties may thoroughly brief the Court on the matter.

## V. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that ITRI's Motion to Strike is **GRANTED** and LGE's indefiniteness argument is **STRICKEN** from the claims construction hearing.

DATED: December 8, 2014

HON. GONZALO P. CURIEL
United States District Judge