**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.,<br><br>    Defendants/Counterclaim Plaintiffs.<br><br>    and<br><br>LG DISPLAY CO., LTD.,<br><br>    Intervenor. | CASE NO. 3:13-cv-2016-GPC-WVG<br><br>**ORDER GRANTING LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A. INC.'S MOTION TO STRIKE AND PRECLUDE PLAINTIFF FROM OFFERING CERTAIN UNTIMELY CLAIM CONSTRUCTIONS**<br><br>**[ECF No. 40]** |

## I. INTRODUCTION

Before the court is LG Electronics, Inc. and LG Electronics U.S.A., Inc.'s (collectively, "LGE") Motion to Strike and Preclude Plaintiff from Offering Certain Untimely Claim Constructions. (ECF No. 40.) Plaintiff Industrial Technology Research Institute ("ITRI") opposes. (ECF No. 87.) LGE replied to ITRI's opposition. (ECF No. 93.) Based on a review of the moving papers, admissible evidence, and applicable law, the Court GRANTS LGE's motion to strike.

/ /

## II. BACKGROUND

On March 25, 2014, the magistrate judge issued the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings in a Patent Case (the "CMC Order"). (ECF No. 22.) The CMC Order set the deadline for initial proposed constructions as June 23, 2014, and the deadline for responsive constructions as July 7, 2014. (*Id.* at 4–5.) On June 23, 2014, the parties submitted their initial proposed claim constructions. (*See* ECF No. 40-3, Ex. 1; ECF No. 40-4, Ex. 2.) LGE's initial constructions contained an assertion that the language "sufficiently thinner" was indefinite, but did not contain proposed constructions for the terms "sufficiently thinner . . ." or "uniform rubbing." (*See* ECF No. 40-3, Ex. 1.) ITRI did not initially propose any constructions. (ECF No. 40-4, Ex. 2.) On July 7, 2014, ITRI submitted its responsive constructions, including proposed constructions for the terms "sufficiently thinner . . ." and "uniform rubbing." (ECF No. 40-5, Ex. 3.)

## III. DISCUSSION

LGE argues that ITRI's proposed construction for the term "uniform rubbing" was late and should be stricken. (ECF No. 40, at 2.) ITRI responds that its proposed construction was responsive and thus timely. (ECF No. 87, at 2–3.) Generally, good cause must be shown for failure to comply with a court deadline. FED. R. CIV. P. 6(b)(1).

ITRI first argues that its proposed construction of the term "uniform rubbing" was responsive to LGE's contention that "sufficiently thinner" is indefinite. (ECF No. 87, at 2–3.) However, the CMC Order only allows responsive constructions in response to "the other party's proposed construction," (*see* CMC Order, at 5), and LGE did not offer a proposed construction for the term "uniform rubbing." Accordingly, the Court finds that ITRI's proposed construction of "uniform rubbing" was not responsive and thus was an initial proposed construction. As the deadline for initial proposed constructions was June 23, 2014, the Court finds that ITRI's proposed construction of "uniform rubbing" is untimely.

ITRI next argues that its late proposed construction will not prejudice LGE because ITRI "disclosed and provided extrinsic evidence for 'uniform rubbing'" approximately two weeks before the deadline to file the joint claim construction documents, approximately six weeks before the claim construction discovery deadline, and approximately ten weeks before the deadline to file claim construction briefs. (ECF No. 87, at 5–6.) Merely because the delay will not prejudice LGE does not constitute "good cause" and ITRI's contention that construction of "uniform rubbing" is "significant to the resolution of the case" does not constitute "good cause" for failure to comply with the CMC Order. (*See id.* at 5.)

Moreover, LGE could have waited to assert its indefiniteness argument until the summary judgment stage. *See, e.g.*, *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1309 (Fed. Cir. 2005) (affirming a district court order where the issue of indefiniteness was decided on summary judgment); (*see also* ECF No. 65-1, at 2  (ITRI argued that the Court should "preclude LG from arguing indefiniteness of the claim language 'sufficiently thinner' during claim construction proceedings and defer such arguments for the summary judgment stage."). Indeed, the Court has already ordered that LGE's indefiniteness arguments be postponed until the summary judgment stage. (*See* ECF No. 148.) The fact that LGE essentially tipped its hand in its initial proposed constructions does not constitute "good cause" for ITRI's failure to comply with the deadline for initial proposed constructions.

*Sua sponte*, the Court now considers whether it is appropriate to strike ITRI's proposed construction of the term "sufficiently thinner . . . ." ITRI's proposed construction of the term "sufficiently thinner . . ." appears to be in response to LGE's contention that "sufficiently thinner" is indefinite. (*See* ECF No. 40-5, Ex. 3.) However, an assertion of indefiniteness is not a proposed construction but rather an argument regarding validity. *See Froessl v. Hewlett-Packard Co.*, No. 01-cv-20924, 2002 WL 34455177, at *5 (N.D. Cal. Nov. 27, 2002) ("the issue of indefiniteness is one of validity rather than claim construction"). Thus ITRI's proposed construction of

1    "sufficiently thinner . . ." was not responsive and was an initial proposed construction.
2    As the Court has already stricken LGE from arguing indefiniteness at the claims
3    construction hearing, (*see* ECF No. 148), the Court finds it appropriate to strike ITRI's
4    late proposed construction of the term "sufficiently thinner . . . ." Accordingly, the
5    Court STRIKES ITRI's proposed constructions for the terms "uniform rubbing" and
6    "sufficiently thinner . . . ."

## IV. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that LGE's Motion to Strike is **GRANTED** and the Court **STRIKES** ITRI's construction of the term "uniform rubbing." Additionally, the Court also **STRIKES** ITRI's construction of the term "sufficiently thinner . . . ."

DATED: December 8, 2014

HON. GONZALO P. CURIEL
United States District Judge