UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE,<br><br>     Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br><br><br>LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.,<br><br>     Defendants/Counterclaim Plaintiffs.<br><br>     and<br><br>LG DISPLAY CO., LTD.,<br><br>     Intervenor. | CASE NO. 3:13-cv-2016-GPC-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING ITRI'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**[ECF No. 98]**<br><br>**(2) DENYING LG ELECTRONICS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 112]**<br><br>**[REDACTED]** |

## I. INTRODUCTION

Before the Court are two motions for summary judgment. (ECF Nos. 98, 112.) Plaintiff Industrial Technology Research Institute ("ITRI") moves for summary judgment on Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.'s

(collectively, "LGE") exhaustion and lack of standing defense.[1] (ECF No. 98.) LGE moves for summary judgment on LGE's third counterclaim seeking a declaratory judgment of non-infringement and LGE's licensing defense. (ECF No. 112.)

The parties have fully briefed the motions. (ECF Nos. 98, 112, 121, 118, 134, 137.) A hearing was held on December 5, 2014. (ECF No. 146.) Upon review of the moving papers, admissible evidence, oral argument, and applicable law, the Court finds that ITRI's patent ███████████████████████████████████████████████████████████████████████████. Accordingly, the Court GRANTS ITRI's motion for summary judgment and DENIES LGE's motion for summary judgment.

## II. PROCEDURAL HISTORY

On August 29, 2013, ITRI filed a complaint against LGE alleging patent infringement. (ECF No. 1.) On June 26, 2014, ITRI filed a First Amended Complaint alleging patent infringement by LGE (the "FAC"). (ECF No. 35.) On July 14, 2014, LGE filed an answer to the FAC (the "Answer") alleging thirteen affirmative defenses and three counterclaims. (ECF No. 37.)

On October 16, 2014, ITRI filed a motion for summary judgment on LGE's licensing defense. (ECF No. 98.) On November 7, 2014, LGE filed an opposition to ITRI's motion. (ECF No. 121.) On November 10, 2014, Intervenor LG Display Co., Ltd. ("LGD") filed a notice of joinder joining LGE's opposition to ITRI's motion. (ECF No. 125.) On November 21, 2014, ITRI filed a reply to LGE's opposition. (ECF No. 137.)

On October 24, 2014, LGE filed a motion for summary judgment on LGE's licensing defense and LGE's counterclaim for a declaratory judgment of non-

---

[1] The parties refer to LGE's Seventh Affirmative Defense as an "exhaustion defense," "licensing defense," and "lack of standing defense." For clarity, the Court will refer to it as LGE's licensing defense.

1  infringement. (ECF No. 112.)[2] On November 6, 2014, LGD filed a notice of joinder
2  joining LGE's motion. (ECF No. 116.) On November 7, 2014, ITRI filed an opposition
3  to LGE's motion. (ECF No. 118.) On November 21, 2014, LGE filed a reply to ITRI's
4  opposition. (ECF No. 134.)

### III. FACTUAL BACKGROUND

On December 19, 2000, the United States Patent and Trademark Office (the "USPTO") granted ITRI U.S. Patent No. 6,163,355 titled "In-plane switching array of TFT liquid crystal display in which an electrode on the same side of an insulating layer is made thinner than the source and drain" (the "'355 patent"). (ECF No. 35-1.)

[redacted]

---

[2] LGE had previously filed this motion entirely under seal on September 19, 2014. (ECF No. 85). However, LGE had failed to publicly file a redacted version of the motion and did not publicly file the redacted version until October 24, 2014. (*See* ECF No. 106.)

1 ██████████████████████)████████████████████████████████████
2 ████████████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████
4 ███████████████████
5      ██████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████████
7 ██████████████████████)████████████████████████████████████
8 ████████████████████████████████████████████████████████████
9 ████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████
14 ███████████████████
15      ██████████████████████████████████████████
16      ██████████████████████████████████████████
17      ██████████████████████████████████████████
18      ██████████████████████████████████████████
19      ██████████████████████████████████████████
20      ██████████████████████████████████████████
21      ██████████████████████████████████████████
22      ████████████████████
23 ███████████████████████████████████████████████████████████
24 ███████████████████████████████████████████████████████████
25 ███████████████████████████████████████████████████████████
26 ███████████████████████████████████████████████████████████
27      ██████████████████████████████

28      Based on the FAC, ITRI alleges a single cause of action: patent infringement of

the '355 patent by LGE. (FAC.) ITRI alleges that three of LGE's monitors infringe the '355 patent: 23EA63V-P, 22EA53T-P, and 29EA93-P (the "Accused Monitors"). (*Id.* ¶ 14.) LGD manufactures and sells to LGE the liquid crystal displays in the Accused Monitors. (ECF No. 47-1, at 3; ECF No. 68, at 2.)

LGE's answer alleges thirteen affirmative defenses, including LGE's Seventh Affirmative Defense: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. (*See* Answer ¶ 29; ECF No. 111-1, at 1, 21–22.) LGE's answer also alleges three counterclaims, including LGE's third count: a declaratory judgment of noninfringement. (*See* Answer ¶¶ 49–50.)

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986); FED. R. CIV. P. 56. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322–23. If the moving party fails to bear the initial burden, summary judgment must be denied and the Court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest

1 on the mere allegations or denials of his pleading, but must "go beyond the pleadings
2 and by her own affidavits, or by the 'depositions, answers to interrogatories, and
3 admissions on file' designate 'specific facts showing that there is a genuine issue for
4 trial.'" *Celotex*, 477 U.S. at 324 (citing FED. R. CIV. P. 56 (1963)). If the non-moving
5 party fails to make a sufficient showing of an element of its case, the moving party is
6 entitled to judgment as a matter of law. *Id.* at 325. "Where the record taken as a whole
7 could not lead a rational trier of fact to find for the nonmoving party, there is no
8 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.
9 574, 587 (1986) (citing FED. R. CIV. P. 56 (1963)). In making this determination, the
10 Court must "view [] the evidence in the light most favorable to the nonmoving party."
11 *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in
12 credibility determinations, weighing of evidence, or drawing of legitimate inferences
13 from the facts; these functions are for the trier of fact. *Anderson*, 477 U.S. at 255.

## V. DISCUSSION

### A. LGE's Defense

A patent license is an agreement by the licensor not to sue the licensee for patent infringement. *See Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1577 (Fed. Cir. 1997). The first sale/patent exhaustion doctrine "provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 625 (2008). The parties disagree whether ████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**B. Licensing Agreement**

The Court first turns to whether the '355 patent falls within the definition of



1  ████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ██ ███████████████████████████████████████████████████
12    ██████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ████████████████████

### VI. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. ITRI's Motion for Summary Judgment, (ECF No. 98), is **GRANTED**; and
2. LGE's Motion for Summary Judgment, (ECF No. 112), is **DENIED**.

DATED: December 9, 2014

_(signature)_
HON. GONZALO P. CURIEL
United States District Judge