1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

INDUSTRIAL TECHNOLOGY
RESEARCH INSTITUTE,

11

    Plaintiff/Counterclaim Defendant,

12

13

    v.

14

15

16

LG ELECTRONICS, INC., and LG
ELECTRONICS U.S.A., INC.,

17

    Defendants/Counterclaim Plaintiffs.

18

19

    and

20

LG DISPLAY CO., LTD.,

21

    Intervenor.

CASE NO. 3:13-cv-2016-GPC-WVG

**ORDER:**

**(1) DENYING INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE'S MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION;**

**(2) VACATING HEARING DATE**

**[ECF No. 143]**

22

23

24

25

26

27

28

## I. INTRODUCTION

    Before the Court is Plaintiff Industrial Technology Research Institute's ("ITRI") Motion to Dismiss for Want of Subject Matter Jurisdiction. (ECF No. 143.) Intervenor LG Display Co., Ltd. ("LGD") opposes. (ECF No. 171.)

    The parties have fully briefed the motions. (ECF Nos. 143, 171, 179.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable

1  law, the Court **DENIES** ITRI's Motion to Dismiss for Want of Subject Matter
2  Jurisdiction.

3  <center>**II. BACKGROUND**</center>

4  On August 29, 2013, ITRI filed a complaint against LG Electronics, Inc. and LG
5  Electronics U.S.A., Inc. (collectively, "LGE") alleging infringement of U.S. Patent No.
6  6,163,355 (the "'355 patent"). (ECF No. 1.) On June 26, 2014, ITRI filed a First
7  Amended Complaint (the "FAC"). (ECF No. 35.) On July 14, 2014, LGE filed an
8  answer to the FAC, including three counterclaims under 28 U.S.C. §§ 2201–02 for
9  declaratory judgments of: (1) invalidity, (2) unenforceability, and (3) non-infringement.
10 (ECF No. 37 ¶ 40.)

11 On July 29, 2014, LGD filed a motion to intervene as supplier to LGE. (ECF No.
12 47.) On October 17, 2014, the Court granted LGD's motion to intervene as of right
13 under Federal Rule of Civil Procedure 24(a)(2). (ECF No. 101.) On October 21, 2014,
14 LGD filed its complaint in intervention alleging two causes of action: (1) a declaratory
15 judgment of non-infringement of the '355 patent, and (2) a declaratory judgment of
16 unenforceability of the '355 patent. (ECF No. 108.)

17 On December 3, 2014, ITRI filed this motion to dismiss. (ECF No. 143.) On
18 January 9, 2015, LGD filed an opposition to ITRI's motion. (ECF No. 171.) On
19 January 23, 2015, ITRI filed a reply to LGD's opposition. (ECF No. 179.)

20 <center>**III. LEGAL STANDARD**</center>

21 Federal Rule of Civil Procedure 12(b)(1) allows courts to dismiss based on "lack
22 of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). Jurisdictional attacks under
23 Rule 12(b)(1) are either "facial" or "factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th
24 Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in
25 a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in
26 a factual attack, the challenger disputes the truth of the allegations that, by themselves,
27 would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d
28 1035, 1039 (9th Cir.2004).

1   "Article III of the Constitution confines the federal courts to adjudicating actual
2   'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). Such cases and
3   controversies are identified by the doctrine of standing. *Lujan*, 504 U.S. at 560. There
4   are three requirements to Article III standing: (1) "injury in fact," (2) causation, and
5   (3) redressability. *Id.* at 560–61. The Declaratory Judgment Act allows plaintiffs to file
6   causes of action where an "actual controversy" exists, 28 U.S.C. § 2201(a), which is
7   identical to an Article III case or controversy. *Aetna Life Ins. Co. of Hartford, Conn.*
8   *v. Haworth*, 300 U.S. 227, 239–41 (1937).

9   <center>**IV. DISCUSSION**</center>

10   There are two requirements for a party seeking to intervene to assert a cause of
11   action: (1) it must have met the requirements to intervene, and (2) it must have standing
12   to assert its cause of action. *See* Fed. R. Civ. P. 24; *Lujan v. Defenders of Wildlife*, 504
13   U.S. 555, 560 (1992). The parties dispute whether there exists a third requirement: an
14   independent jurisdictional basis. (*Compare* ECF No. 179, at 1 *with* ECF No. 171, at
15   5–6.) The Court has already determined that LGD met the requirements to intervene
16   as of right under Rule 24. (ECF No. 101.)

17   **A. Subject Matter Jurisdiction**

18   First, it is a longstanding rule of federal jurisprudence that intervenors as of right
19   under Rule 24(a)(2) need not assert an independent jurisdictional basis for their causes
20   of action. *See Formulabs, Inc. v. Hartley Pen Co.*, 318 F.2d 485, 492 (9th Cir. 1963)
21   ("Where the right to intervene is absolute no independent ground of federal jurisdiction
22   need be shown to support the intervention.") (quoting 6 JAMES WM. MOORE ET AL.,
23   MOORE'S FEDERAL PRACTICE, § 24.18, 135–36 (2d ed. 1954)). ITRI argues that this
24   longstanding rule has been overturned by the 1966 amendments to Rule 24. (ECF No.
25   179, at 1.) Defendant argues that this rule is still good law. (ECF No. 171, at 5–6.) The
26   Court notes that *two* significant changes have occurred since this rule was first
27   articulated: (1) in 1966, Rule 24 was substantially amended, and (2) in 1990, the
28   concept of ancillary jurisdiction was replaced by the codification of supplemental

1  jurisdiction under 28 U.S.C. § 1367.

2      While post-1990 caselaw in this area is relatively sparse, federal courts have still

3  consistently cited this rule as good law. *See, e.g.*, *Grace United Methodist Church v.*

4  *City of Cheyenne*, 451 F.3d 643, 673 (10th Cir. 2006); *United States v. Certain Land*

5  *Situated in City of Detroit*, 361 F.3d 305, 309 (6th Cir. 2004) (Cole, J., concurring).

6  Indeed the Ninth Circuit has noted that intervenor causes of action, that are based on

7  the same federal statutes already relied upon by the parties, do not require an

8  independent jurisdictional basis. *See Freedom from Religion Found., Inc. v. Geithner*,

9  644 F.3d 836, 844 (9th Cir. 2011) (citation omitted); *cf.* 7C CHARLES ALAN WRIGHT,

10  ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1917

11  n.45 (3d ed. 2010) ("The supplemental-jurisdiction statute . . . effectively authorizes

12  jurisdiction in nondiversity actions over permissive intervenors."). Here, LGD's causes

13  of action are based on the same federal statute as LGE's counterclaim. (*Compare* ECF

14  No. 108 ¶ 4 *with* ECF No. 37 ¶ 41.) If LGD has standing to assert its causes of action,

15  this Court would have jurisdiction over those causes of action under 28 U.S.C. § 1367.

16  If LGD does not have standing to assert its causes of action, then, contrary to ITRI's

17  argument, (*see* ECF No. 179, at 3), the "jurisdictional concern drops away" once the

18  causes of action are dismissed and this Court need not reconsider its order granting

19  intervention. *Freedom from Religion Found.*, 644 F.3d at 844 (citation omitted). As the

20  Court either has jurisdiction if LGD has standing or does not need to consider

21  jurisdiction if LGD does not have standing, the Court turns to whether LGD has

22  standing.

23  **B. Standing**

24      Though LGD may not require an independent jurisdictional basis to assert its

25  causes of action, *see Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011), and

26  need not have established Article III standing to intervene, *Yniguez v. State of Ariz.*,

27  939 F.2d 727, 731 (9th Cir.1991), LGD must have Article III standing to assert its

28

causes of action.[1] *See Lujan*, 504 U.S. at 559–61. ITRI argues that LGD lacks standing because all of LGD's actions occurred outside the United States and thus beyond the reach of U.S. patent law. (ECF No. 143-1, at 5–9.) LGD responds that it has standing because: (1) LGD is obligated to indemnify LGE, and (2) the Federal Circuit has held that extraterritorial actions can give rise to liability for inducement in some instances. (ECF No. 171, at 6–8.)

A "supplier has standing to commence a declaratory judgment action if . . . the supplier is obligated to indemnify its customers from infringement liability." *Arris Group, Inc. v. British Telecomms. PLC*, 839 F.3d 1368, 1375 (Fed. Cir. 2011); *see also Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903–04 (Fed. Cir. 2014). ITRI attempts to distinguish *Arris* and *DataTern* in two ways: (1) the indemnitors in those cases had committed acts in the U.S. that would constitute infringement, and (2) the indemnitors in those cases had pre-litigation duties and LGD's agreement in this case was "voluntary." (ECF No. 179, at 1–2.) First, whether an indemnitor may be liable for infringement is immaterial. The Federal Circuit has consistently noted that suppliers have standing to bring declaratory judgment actions if they are defending infringement claims *or* if they have agreed to indemnify a party defending infringement claims. *See DataTern*, 755 F.3d at 903–04; *Cisco Sys., Inc. v. Alberta Telecomms. Research Ctr.*, 538 Fed. App'x. 894, 898 (Fed. Cir. 2013); *Arris*, 839 F.3d at 1375; *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006). Infringement claims and indemnification agreements are separate bases for standing and ITRI's argument that both bases must be met is inconsistent with Federal Circuit precedent. *See Arris*, 839 F.3d at 1375. Even if suppliers were required to potentially be liable for

---

[1] ITRI makes much of the current circuit split on whether an intervenor must meet the standing requirements of Article III. (*See* ECF No. 179, at 3–6.) However, the circuits are split on whether a party must have Article III standing *to intervene*. *Mausolf v. Babbitt*, 85 F.3d 1295, 1299 (8th Cir. 1996). Whether or not a party must satisfy Article III to intervene in no way affects the requirement that an intervenor must have Article III standing *to assert a cause of action*. Curiously, though ITRI now argues that the Court should ignore Ninth Circuit precedent in this area, *see, e.g.*, *Yniguez*, 939 F.2d at 731, ITRI never made this argument in its opposition to LGD's motion to intervene. (*See* ECF No. 67.)

infringement to bring a declaratory judgment action—which they are not, *see DataTern*, 839 F.3d at 903–04—LGD may be liable for induced infringement even if all of its actions were extraterritorial. *See Merial Ltd. v. Cipla Ltd.*, 682 F.3d 1283, 1302–03 (Fed. Cir. 2012) ("In short, where a foreign party, with the requisite knowledge and intent, employs extraterritorial means to actively induce acts of direct infringement that occur within the United States, such conduct is not categorically exempt from redress under § 271(b)."). Second, whether the duty to indemnify existed prior to the commencement of litigation  is also immaterial; all that matters is that the duty exists. In *DataTern*, the suppliers' customers had requested indemnification *after the commencement of litigation*. 755 F.3d at 904. The Federal Circuit found that these requests did not provide standing, not because of their timing, but because they were requests to indemnify and not actual agreements to indemnify. *Id.* Moreover, all agreements to indemnify are "voluntary." If they were not, they would be illegal, voidable contracts. *See, e.g.*, CAL. CIV. CODE § 1689(b)(1).

As it is undisputed that LGD has an obligation to indemnify LGE, (*see* ECF No. 47-3 ¶ 3), and may be liable for induced infringement based on extraterritorial actions, *see Merial*, 682 F.3d at 1302–03, LGD has standing to assert its declaratory judgment causes of action against ITRI and the Court has jurisdiction over LGD's causes of action. *See Arris*, 839 F.3d at 1375. Accordingly, the Court DENIES ITRI's motion to dismiss.[2]

/ /

/ /

/ /

/ /

/ /

---

[2] LGD states that it would not oppose the issuance of an order to show cause why ITRI should not be sanctioned for filing its "clearly baseless" motion. (ECF No. 171, at 8 n.1.) The Court does not find such an order to be appropriate at this time and declines to issue such an order.

**V. CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      ITRI's Motion to Dismiss for Want of Subject Matter Jurisdiction, (ECF No. 143), is **DENIED**; and

2.      The hearing set for February 6, 2015, is **VACATED**.

DATED:  February 5, 2015

HON. GONZALO P. CURIEL
United States District Judge