# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br><br>LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.,<br><br>Defendants/Counterclaim Plaintiffs.<br><br>and<br><br>LG DISPLAY CO., LTD.,<br><br>Intervenor. | CASE NO. 3:13-cv-2016-GPC-WVG<br><br>**ORDER:**<br><br>**(1) DENYING ITRI'S MOTION FOR SANCTIONS;**<br><br>**[ECF No. 162]**<br><br>**(2) DENYING AS MOOT LGE'S MOTION FOR LEAVE TO FILE SUR-REPLY;**<br><br>**[ECF No. 189]**<br><br>**(3) VACATING HEARING DATE** |

## I. INTRODUCTION

Before the Court is Plaintiff Industrial Technology Research Institute's ("ITRI") Motion for Sanctions. (ECF No. 162.) Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LGE") oppose. (ECF No. 182.) The parties have fully briefed the motion. (ECF Nos. 162, 182, 185.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Upon review of the moving papers, admissible evidence, and applicable law, the Court DENIES ITRI's Motion for Sanctions.[1]

## II. BACKGROUND

On August 29, 2013, ITRI filed a complaint against LGE alleging patent infringement. (ECF No. 1.) On October 16, 2014, ITRI filed a motion for summary judgment on LGE's licensing defense. (ECF No. 98.) On October 24, 2014, LGE filed a motion for summary judgment on LGE's licensing defense and LGE's counterclaim for a declaratory judgment of non-infringement. (ECF No. 112.) On December 9, 2014, the Court granted ITRI's motion and denied LGE's motion. (ECF No. 158.) The facts of this case are set forth in full in that December 9, 2014, order. (*Id.*)

## III. LEGAL STANDARD

**A. 28 U.S.C. § 1927**

28 U.S.C. § 1927 specifically bars an attorney from unreasonably "multipl[ying] the proceedings." 28 U.S.C. § 1927. Under § 1927, sanctions "must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). Subjective bad faith is defined as "an attorney knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Thus "reckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Frivolous is defined as "lacking a legal basis or legal merit." BLACK'S LAW DICTIONARY (10th ed. 2014).

**B. Inherent Powers**

Under the Court's inherent powers, the Court may assess attorneys fees when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). However, "inherent powers

---

[1] As the Court is denying ITRI's motion, the Court also denies LGE's Motion for Leave to File a Sur-Reply as moot. (ECF No. 189.)

must be exercised with restraint and discretion." *Chambers v. Nasco*, 501 U.S. 32, 44 (1991). A specific finding of bad faith is required for inherent power sanctions while recklessness, without more, does not justify inherent power sanctions. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

## IV. DISCUSSION

### A. 28 U.S.C. § 1927

#### 1. Frivolousness

ITRI alleges that LGE's arguments were legally frivolous for several reasons, including: (1) LGE's failure to cite *Rhone Poulenc*, (2) LGE's mischaracterization of *Int'l Nutrition Co.*, (3) LGE's claim that CPT could unilaterally license the '355 patent was contrary to Taiwanese law and the text of the Sharing Agreement, (4) LGE's claim that the recorded assignment was governed by federal common law was at odds with Federal Circuit Precedent, and (5) LGE's incorrect claim that ITRI was committing fraud. (ECF No. 164-1, at 8.)

Contrary to ITRI's contentions, LGE's arguments were not frivolous. First, the arguments that the Court rejected were at least plausible and thus not baseless. For example, though the Court found that 35 U.S.C. § 261 does not apply to this case, (ECF No. 158, at 7–8), LGE was not arguing for a strict application of the statute. Rather, LGE argued that this case was factually similar to *CMS Industries* and distinguishable from *Rhone Poulenc* which justified applying the former and not the latter to this case. (*Id.* at 8–9.) Second, the arguments that the Court did not address were also plausible and may even be correct. For instance, ITRI contended that Taiwan law governed the assignment of the '355 patent and that Taiwan law added additional requirements to the licensing of the '355 patent, both of which LGE disputed. Contrary to ITRI's assertions, the Federal Circuit has indicated that federal common law can govern the assignment of U.S. patents in place of foreign law. *See Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) ("Usually, federal law is used to determine the validity and terms of an assignment, but state law controls any transfer of patent

ownership by operation of law not deemed an assignment."). Additionally, it is unclear whether Taiwan law actually adds additional requirements since the Taiwanese Patent Act's use of the term "patent" may mean only "Taiwanese patent", (*see* ECF No. 112-9, at 6 (noting that, under the TPA, a patent's application "be filed with the Specific Patent Agency," not the USPTO)), and Taiwan's choice of law provisions may also indicate that the Taiwan Civil Code does not apply to the license of a U.S. patent, (*see* ECF No. 121-1, Ex. A (noting that, under Taiwan law, "[a] property right in a right is governed by the law of the place where the right is formed")). Accordingly, the Court finds that LGE's legal arguments had a legal basis and thus LGE's filings were not frivolous.[2]

### 2. Recklessness

Though a finding of nonfrivolousness is generally sufficient to deny a motion for sanctions, *In re Keegan*, 78 F.3d at 436 ("reckless nonfrivolous filings, without more, may not be sanctioned"), the Court also rejects ITRI's argument that LGE's filings were reckless. ITRI argues that LGE's filings were reckless because LGE allegedly knew that: (1) the LPL-CPT Agreement did not cover the '355 patent, (2) Taiwan law required ITRI's or MOEA's consent and neither had consented, (3) the Federal Circuit has applied foreign law to patent ownership rights, and (4) § 271 did not apply and failure to cite Rhone Poulenc. (ECF No. 164-1, at 7.) ITRI essentially contends that, because ITRI showed LGE evidence and precedent that allegedly showed that LGE's arguments were legally baseless, LGE's filings were reckless. However, that evidence and precedent is the same that ITRI proffers in this motion and they, as discussed above, do not make LGE's arguments legally baseless. Accordingly, the Court finds that LGE's filings were not reckless.

### 3. Harassment

---

[2] ITRI also makes much of certain rhetorical flourishes in this Court's order granting ITRI's motion for summary judgment. (*See, e.g.*, ECF No. 164-1, at 6, 9 (quoting ECF No. 158, at 7–9 ("makes clear" and "nonsensical").) ITRI's interpretation of this as "deri[sion]" reads far too much into that language. (*Id.* at 9.)

Though the Court has found that LGE's filings were neither reckless nor frivolous, meritious filings can still justify sanctions where those filings are made "for the purpose of harassing an opponent." *Estate of Blas*, 792 F.2d at 860. Indeed, ITRI argues that LGE "intended to harass and intimidate." (ECF No. 164-1, at 10.) However, ITRI does not provide any basis to merit such a finding. Thus the Court finds that LGE's filings were not intended to harass or intimidate and that ITRI has failed to show that sanctions under the Court's inherent powers are appropriate. Accordingly, the Court DENIES ITRI's motion for sanctions under 28 U.S.C. § 1927..

**B. Inherent Powers**

As the Court has found that LGE's arguments had legal bases, there is no indication of bad faith on the part of LGE and thus no basis for inherent powers sanctions. *See Fink*, 239 F.3d at 993. Accordingly, the Court DENIES ITRI's motion for sanctions under the Court's inherent powers.

## V. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. ITRI's Motion for Sanctions, (ECF No. 162), is **DENIED**;

2. LGE's Motion for Leave to File a Sur-Reply, (ECF No. 189), is **DENIED** as moot; and

2. The hearing set for April 3, 2015, is **VACATED**.

DATED: April 1, 2015

HON. GONZALO P. CURIEL
United States District Judge